IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTHONY B., | No. 3:18-cv-00118-HZ |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Plaintiff Anthony B. brought this action seeking review of the Commissioner's final decision to deny Supplemental Security Income and Disability Insurance Benefits. On March 13, 2019, the Court reversed the Commissioner's decision and ordered that the case be remanded for additional proceedings. Order, ECF 22. Judgment was also entered on March 13, 2019. ECF 23. On April 16, 2020, Plaintiff's counsel received notice of Plaintiff's award for benefits. Pl. Mot. Attach. 3, ECF 27-3.

1 – ORDER

Plaintiff now seeks an award of fees pursuant to 42 U.S.C. § 406(b). Pl. Mot., ECF 27. Defendant opposes to the request. *Id*. Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney may "determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total past-due benefits to which the claimant is entitled . . . ." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2006). The attorney fee award in a social security case is paid by the claimant out of the past-due benefits award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 807 (2002).

Contingent-fee agreements providing for fees of 25 percent of the past-due benefits awarded are the most prevalent fee arrangements between Social Security claimants and attorneys. *Crawford*, 586 F.3d at 1147 (quoting *Gisbrecht*, 535 U.S. at 800). The statute does not specify how to determine whether a requested fee is reasonable, but the Supreme Court has instructed that courts "must respect 'the primacy of lawful attorney-client fee agreements . . . looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 793, 808).

The *Crawford* court set out factors, based on its analysis of *Gisbrecht*, for analyzing the reasonableness of a requested fee in a particular case: (1) the character of the representation (specifically, if the representation was substandard); (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the requested fee is not in proportion to the time spent on the case (i.e. whether the award would be a windfall). *Crawford*, 586 F.3d at 1151–53 (citations omitted). The *Crawford* panel also recognized the risk inherent in contingency-fee representation is an appropriate factor to consider in assessing a fee's

2 – ORDER

reasonableness, but instructed courts to focus on the "complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.* at 1153.

The Court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Gisbrecht*, the Court finds the requested fees reasonable and does not constitute a windfall in light of the character of representation and results counsel achieved for Plaintiff.

The Court GRANTS the motion [27] and awards Plaintiff's counsel $21,200.00 in attorney's fees under 42 U.S.C. § 406(b). Previously, the Court awarded Plaintiff attorney's fees in the amount of $2,136.96 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Upon payment of the § 406(b) fees, Plaintiff's counsel will refund any EAJA fees received by counsel to Plaintiff. Any amount withheld after all administrative and court attorney's fees are paid should be released to the claimant.

IT IS SO ORDERED.

DATED: \_\_\_\_August 27, 2021_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – ORDER